**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 17 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

RICARDO FLORES-VENEGAS,

      Defendant - Appellant.

No. 01-2259
(D.C. No. CR-01-117-LH)
(D. New Mexico)

**ORDER AND JUDGMENT***

Before **EBEL**, **BALDOCK** and **HARTZ**, Circuit Judges.

      Defendant-Appellant Ricardo Flores-Venegas challenges the district court's refusal to depart downward when sentencing him for illegally reentering the United States following deportation for an aggravated felony, in violation of 8 U.S.C. § 1326. Flores-Venegas offered four grounds to justify a downward departure: 1) his juvenile status at the time of the underlying aggravated felony; 2) his cultural assimilation; 3) his agreement not to contest the Government's effort to have him deported again; and 4) a combination of these factors.

---

     * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

It is well-settled that "courts of appeals cannot exercise jurisdiction to review a sentencing court's refusal to depart from the sentencing guidelines except in the very rare circumstance that the district court states that it does not have any authority to depart from the sentencing guideline range for the entire class of circumstances proffered by the defendant." United States v. Castillo, 140 F.3d 874, 887 (10th Cir. 1998); see also United States v. Fortier, 180 F.3d 1217, 1231 (10th Cir. 1999) (noting that this "rule has been stated countless times"). "This exception does not apply when a sentencing court concludes under the defendant's particular circumstances that it does not have the authority to depart." Castillo, 140 F.3d at 887 (emphasis omitted). Crucially, this court must "treat ambiguous statements made by district judges as though the judge was aware of his or her legal authority to depart but chose instead, in an exercise of discretion, not to depart." Fortier, 180 F.3d at 1231. "Accordingly, unless the judge's language unambiguously states the judge does not believe he has authority to downward depart, we will not review his decision." Id. (internal quotation marks omitted).

Flores-Venegas argues that, in this case, "the sentencing court's statements regarding its authority demonstrate that it believed it did not have the discretion to consider the factors put forth by Mr. Flores-Venegas, either individually or

together." (App't Br. at 9.) The statements focused on by Flores-Venegas

occurred during the following exchange at the sentencing hearing:

> Defendant. Coun.: I believe my reasoning is set out in my motion [for a downward departure] . . . . He's reentry of a deported alien. He's going to be deported as a result of this and go back to Mexico. The problem is he doesn't even speak much Spanish. He's going to be going back to Mexico where he has no family. Everyone's here. They're in the courtroom for him. He has his family here, his wife.
>
> This was all a result of a charge when he was a juvenile, though he was sentenced as an adult. It even has a juvenile number, his conviction. He's not the typical defendant that stands before this Court on a reentry. He is different. He's been suffering because he has nowhere to go there. What we expect from him I do not know. He was sent there after serving this offense that he was convicted of at age 17, no family there. He came back to his family. He's done wrong. He knows he's done wrong, and he readily admitted his error. . . . Your Honor, for these reasons we believe that the – that he does not fit the typical defendant and that a downward departure would be warranted in this case.
>
> Court: Well, I don't think he fits the typical defendant. He certainly fits the same role as many of the defendants that we see, where they basically spent their life in the United States, but then they're going to be deported. I mean, it's – your story is not the first one that I have heard. What you're talking about is a Congressional action, not judicial action. Your motion for downward departure will be denied. . . .
>
> . . . .
>
> Court: . . . . You're caught on the horns of a dilemma. I don't – I don't have any idea what to tell you, because, as I say, it's a legislative matter, not a judicial matter at this stage

of the game. You'll be remanded to the custody of the United States Marshals.

(Tr. 2-5.)

A defendant's extensive ties to the United States have been recognized as a potential ground for departure where he is convicted of illegal reentry, but only under "extraordinary circumstances." United States v. Lipman, 133 F.3d 726, 730 (9th Cir. 1998). Admittedly, the court's rejection of the departure request, coupled with its statement that Flores-Venegas does not "fit[ ] the typical defendant" would seem to suggest that the court thought it lacked authority even to depart under unusual circumstances. However, the court followed that statement by asserting that Flores-Venegas's circumstances are not unusual, as "many of the defendants that we see . . . spent their life in the United States." (Tr. 3.) These subsequent statements suggest that the district court did not find that Flores-Venegas presented a sufficiently extraordinary case to justify a downward departure.

The court's references to the need for legislative action, rather than judicial action, reasonably could be interpreted as referring to the Commission's decision not to provide a departure for defendants who illegally reenter the country because they have lived most of their lives in the United States. The Commission's failure to recognize departure on this ground does not, however, prevent the district court from departing on such a ground under unusual

- 4 -

circumstances.  See Koon v. United States, 518 U.S. 81, 109 (1996) (recognizing that, as long as ground has not been prohibited by Guidelines, departure is permissible if case is outside "heartland" of cases governed by particular Guideline).  The district court's statements are, at a minimum, ambiguous evidence that the district court may have realized that it had authority to depart based on Flores-Venegas's ties to this country, but only under extraordinary circumstances, and concluded that such circumstances were not shown.  In this regard, the district court did not unambiguously state that it lacked authority to depart for the entire class of circumstances at issue – i.e., for all defendants who illegally reentered the country because of their ties to the country – but only that the facts of Flores-Venegas's case did not justify such a departure under the Guidelines as currently written.

Accordingly, we do not have jurisdiction over the district court's rejection of Flores-Venegas's departure request, and this appeal is DISMISSED.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge